## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD MOSER,** : | |
| : | |
| **PLAINTIFF,** : | |
| **v.** : | **CIVIL NO. 10-6791** |
| : | |
| **NIKOLAS PAPADOPOULOS,** : | |
| **ATHAMASIOS PAPADOPOULOS,** : | |
| **PAMELA PAPADOPOULOS,** : | |
| **PARTHANA MAKROPOULOS,** : | |
| **ANGELO BEKAS, NTP MARBLE, INC.** : | |
| : | |
| **DEFENDANTS.** : | |
| : | |

## MEMORANDUM OPINION AND ORDER

**RUFE, J.**                                                      **June 15, 2011**

Before the Court are Plaintiff's Motion to Remand [doc. no. 3] and Defendants' Motion

to Dismiss [doc. no. 6].  Richard Moser originally filed his complaint in the Court of Common

Pleas for Delaware County, Pennsylvania.  In his two-count complaint, Plaintiff asserts state-law

claims under the Pennsylvania Wage Payment and Collection Law ("WPCL"),[1] and seeks

punitive damages based upon the state common-law standard.  Specifically, Moser's WCPL

claim alleges that Defendants failed to pay overtime wages in violation of the Pennsylvania

---

[1] 43 Pa. Cons. Stat. Ann. § 260.1, *et seq.* (West 2009).

Minimum Wage Act[2] ("PMWA") and the Fair Labor Standards Act ("FLSA").[3]  But Moser does

not seek relief pursuant to the FLSA; rather, he seeks to recover the wages Defendants are

statutorily obligated to pay (under federal and state law) under the Pennsylvania Wage and

Collection Law.  Defendants argue that the alleged FLSA violation is an "essential element" of

Plaintiff's state-law claim and thus the WPCL claim confers subject matter upon this court.  For

the reasons that follow, we disagree.

## I.  Background

Plaintiff Richard Moser, a Pennsylvania resident, filed this putative class action in the

Pennsylvania Court of Common Pleas, Delaware County, on October 8, 2010, alleging that he

and over 150 co-workers were not properly compensated by Defendants for overtime.[4]

Defendant NTP Marble, Inc. d/b/a/ Colonial Marble & Granite ("NTP"), a company that installs

marble and granite countertops, is a Pennsylvania corporation with its principal place of business

in King of Prussia, Pennsylvania.[5]  The individual defendants are allegedly officers of NTP.

Moser was employed by NTP as a granite tile and marble installer from June 22, 2008

until August 29, 2008.[6]  When he was hired, NTP offered him a weekly salary of $1,350.00.[7]

During his employment, Moser worked approximately 180 hours of overtime, but NTP did not

---

[2] 43 Pa. Cons. Stat. Ann. § 333.104(c) (West 2009).

[3] 29 U.S.C. 201 *et seq.* (2006).

[4] Notice of Removal [doc. no. 1] ¶ 4.

[5] Compl. ¶ 8.

[6] Compl. ¶ 10.

[7] Compl. ¶ 11.

pay him overtime wages. Moser contends that the PMWA and FLSA obligated NTP to pay him $33.76 per overtime hour.[8]

Moser also claims that Defendants did not reimburse any of its over 150 employees for overtime.[9] He brings his claims on behalf of a class including all non-exempt employees who were employed by NTP from January 1, 2008 to the present.

On November 19, 2010, Defendants timely filed a Notice of Removal [doc. no. 1] in this Court pursuant to 28 U.S.C. §§ 1446 and 1331, on grounds that Plaintiff's claims arise under federal law.[10] Plaintiff has moved to remand, arguing that this Court lacks jurisdiction.[11] Because we may not consider a case over which we lack subject matter jurisdiction, we begin with the jurisdictional challenges that Moser raises in his motion to remand.

## II. Discussion

A. __The Law Governing Subject-Matter Jurisdiction__

Removal of a civil action from state to federal court is proper only if the action initially could have been brought in federal court.[12] The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand."[13] In this case, because

---

[8] Compl. ¶ 12.

[9] Compl. ¶¶ 22, 23.

[10] Mot. to Remand ¶¶ 4–6.

[11] Pl.'s Mot. in Supp. of Remand 2.

[12] 28 U.S.C. § 1441(a) (2006).

[13] Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

there is no conceivable basis for federal jurisdiction apart from 28 U.S.C. § 1331,[14] the propriety

of Defendants' removal hinges upon whether this Court has federal-question jurisdiction.

Section 1331 grants federal district courts original jurisdiction over "all civil actions

arising under the Constitution, laws, or treaties of the United States."[15]  Although there is no

mechanical test for determining when an "'action aris[es] under' federal law,"[16] it is generally

accepted that the "well-pleaded complaint [must] establish[] either that federal law creates the

cause of action or that the plaintiff's right to relief necessarily depends on resolution of a

substantial question of federal law."[17]

"Arising under" federal-question jurisdiction is generally appropriate in two types of

actions.  The first, most common category, involves suits in which the plaintiff pleads a cause of

action created by federal law.[18]  In the second "slim category"[19] of cases, a plaintiff pleads a state-

law cause of action that "implicate[s] significant federal issues" or "turn[s] on substantial

questions of federal law,"[20] and therefore contains an "embedded federal question.

---

[14] The parties to this action are not diverse.  Where there is no diversity of citizenship between the parties, "the propriety of removal turns on whether the case falls within the original "federal question" jurisdiction of the United States district courts . . . ."  Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 8 (1983).

[15] 28 U.S.C. § 1331.

[16] See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005).

[17] See Franchise Tax Bd. 463 U.S. at 27–28 .

[18] See, e.g., Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916) (Holmes, J.); Metro. Life Ins. Co. v. Price, 501 F.3d 271, 276 (3d Cir. 2007) ("Federal question jurisdiction exists when the plaintiff's well-pleaded complaint establishes that 'federal law creates the cause of action.'") (quoting Franchise Tax Bd., 463 U.S. at 27–28).

[19] Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 701 (2006).

[20] See Grable, 545 U.S. at 314.

4

In both categories, every putative federal-question case must adhere to the "well-pleaded complaint" rule. Under that rule, a suit "'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'"[21] The existence of a federal defense to a state-law cause of action will not suffice;[22] instead, the plaintiff's well-pleaded complaint must include, within its four corners, either an explicit federal cause of action or a state-law cause of action that contains an embedded federal question that is both substantial and disputed.[23] Moreover, "[t]he fact that a complaint mentions, or even incorporates a federal law, does not determine whether it 'arises under' the Constitution, laws or treaties of the United States."[24]

Here, Plaintiffs have pleaded only state-law causes of action. Consequently, the jurisdictional inquiry is whether Plaintiff's complaint contains an embedded-federal question. Because "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction,"[25] embedded federal question jurisdiction only exists where three conditions are met: 1) the case necessarily raises a federal issue, 2) the federal issue is

---

[21] Vaden v. Discover Bank, 129 S.Ct. 1262, 1272 (2009) (quoting Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).

[22] It is well-established that a federal defense does not provide a basis for removal, "even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987); United Jersey Banks v. Parrell, 783 F.2d 360, 365 (3d Cir. 1986).

[23] See, e.g., Mottley, 211 U.S. at 152.

[24] Walker v. Family Med. Ctr. of Charleston, No. 06-00634, 2007 WL 149001, at *2 (S.D. W. Va. Jan. 18, 2007); see also Fairfax Fin. Holdings Ltd. v. S.A.C. Capital Mgmt., LLC, No. 06-4197, 2007 WL 1456204, at *3 (D.N.J. May 15, 2007) ("The Complaint does not 'necessarily raise' a federal question because it alleges predicate violations of both federal and state law.").

[25] Merrell Dow Pharma., Inc. v. Thompson, 478 U.S. 804, 813 (1986).

substantial and in actual dispute, and 3) the exercise of federal jurisdiction will not disturb "any congressionally approved balance of federal and state judicial responsibilities."[26]

For instance, in <u>Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing</u>, a former landowner brought a quiet title action in state court against a tax sale purchaser, alleging that the IRS had given him inadequate notice of the sale.[27] There, the landowner premised his superior title claim on a failure by the IRS to give adequate notice, as defined by federal law.[28] Because his quiet title claim "necessarily raise[d] a stated federal issue, actually disputed and substantial, which a federal forum [could] entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities," it "arose under" federal law.[29] The Supreme Court noted that the meaning of the federal tax provision was "an important issue of federal law that sensibly belongs in federal court,"[30] in part, because it presented an issue of federal law "that could be settled once and for all and would thereafter govern numerous tax sale cases."[31]

The next year, the Supreme Court limited <u>Grable</u>'s reach in <u>Empire Healthchoice</u>

---

[26] <u>Grable</u>, 545 U.S. at 314.

[27] <u>Id.</u> at 315.

[28] <u>Id.</u> (citing <u>Hopkins v. Walker</u>, 244 U.S. 486, 490–91 (1917) (noting that the governing statute, 26 U.S.C. § 6335(a) provides that "notice in writing shall be given . . . to the owner of the property . . . or shall be left at his usual place of abode or business").

[29] <u>Id.</u> at 314, 319–20.

[30] <u>Id.</u> at 315.

[31] <u>Empire Healthchoice</u> at 700.

<u>Assurance, Inc. v. McVeigh</u>.[32]  There, a federal statue that authorized the creation of a health

insurance plan for federal employees was the alleged "federal element" that justified federal

jurisdiction over a state law insurance claim.[33]  The government, acting pursuant to the statute,

negotiated a master contract with insurance carriers.  Under the agreement between one of the

carriers, Empire Healthchoice ("Empire") and its enrollees, an enrollee who obtained a tort

recovery was obligated to reimburse the carrier for the amounts that the carrier had paid for the

enrollee's medical care.[34]  After an enrollee's estate had obtained a settlement of a state-court tort

action against a third party, Empire brought an action in federal court against the state to enforce

its right to reimbursement, claiming that the federal law was a "necessary element" of its claim.[35]

The Court distinguished <u>Grable</u> as a "special and small category"[36] of cases because: 1)

unlike the "nearly 'pure issue of law'" presented in <u>Grable</u>, the claim in <u>Empire's</u> was "fact-

bound and situation specific";[37] and 2) the dispute in <u>Grable</u> "centered on the action of a federal

agency and its compatibility with a federal statute," whereas the reimbursement claim in <u>Empire</u>

was triggered by the settlement of a personal-injury action launched in state court.[38]  Although

the Court acknowledged the federal interest in the health and welfare of federal workers at stake

---

[32] 547 U.S. 677 (2006).

[33] <u>Id.</u> at 682.

[34] <u>Id.</u> at 683.

[35] <u>Id.</u>

[36] <u>Id.</u> at 699.

[37] <u>Id.</u> at 700–01.

[38] <u>Id.</u> at 700.

in <u>Empire</u>, that interest was not substantial enough to warrant "turning into a discrete and costly 'federal case' an insurer's contract-derived claim to be reimbursed from the proceeds of a federal worker's state-court initiated tort litigation."[39]  In sum, the Court concluded that "<u>Grable</u> emphasized that it takes more than a federal element 'to open the arising under' door."[40]

## B.     <u>Pennsylvania Wage Payment and Collection Act</u>

The Pennsylvania Wage Payment and Collection Law was enacted "to provide employees a means of enforcing payment of wages and compensation withheld by an employer."[41]  The law "does not create a right to compensation . . . [r]ather, it provides a statutory remedy when the employer breaches a[n] . . . obligation to pay earned wages."[42]  Here, Moser's WPCL claim is premised entirely on the claim that NPT breached its obligations under federal and state law to pay appropriate overtime wages.  Moser does not assert a breach-of-contract claim.

The viability of a claim under the WPCL for wages owed pursuant to an employer's statutory (rather than contractual) obligations is an unsettled area of Pennsylvania Law.  Prior to the Pennsylvania Superior Court's holding in <u>Lugo v. Farmers Pride</u>,[43] it was well-established

---

[39] <u>Id.</u> at 700.

[40] <u>Id.</u> at 701.

[41] <u>Shaer v. Orthopaedic Surgeons of Cent. Pa., Ltd.</u>, 938 A.2d 457, 464 (Pa. Super. Ct. 2007).

[42] <u>De Asencio v. Tyson Foods, Inc.</u>, 342 F.3d 301, 309 (3d Cir. 2003); See 43 Pa. Cons. Stat. Ann. § 260.9a (a),(b); <u>Thomas v. N. Star Steel Co.</u>, 838 F. Supp. 970 (M.D. Pa. 1993) (<u>rev'd sub nom on other grounds</u>, <u>Un. Steelworkers of Am. v. Crown Cork & Seal Co.</u>, 32 F.3d 53 (3d Cir. 1994), <u>aff'd</u> 115 S. Ct. 1927 (1995).

[43] 967 A.2d 963 (Pa. Super. Ct. 2009).

that "[r]elief under the WPCL was implausible without existence of a contract."[44]  In <u>Lugo</u>, however, the Superior Court held that "the WPCL is a statutory vehicle that the legislature has provided for employees to recover unpaid wages that are due them," and allowed plaintiffs to state a claim under the WPCL on a statutory—not contractual—basis.[45]  Thus, <u>Lugo</u> adopts a broader interpretation of the WPCL as a vehicle for employees to recover unpaid wages, regardless of the source of their employer's obligation to pay the wages.  That holding departs from the "contractual approach" adopted in earlier Superior Court opinions, under which the WCPL was interpreted only as a vehicle for plaintiffs to recover unpaid wages due to them under an employment contract.

Because, for the reasons that follow, we hold here that remand is appropriate under either the contractual or <u>Lugo</u> interpretation, we will leave the resolution of the breadth of a WCPL claim to the Pennsylvania courts.

### III.  <u>Application</u>

Defendants argue that the Plaintiff's claim arises out of a substantial question of federal law because the state law claim is premised, in part, on allegations that Defendants violated a federal statue (specifically, the FLSA).[46]  As the party seeking removal, Defendants have the burden to show that Moser's claim: 1) necessarily raises a stated federal issue; 2) that is actually

---

[44] <u>See</u> <u>Lehman v. Legg Mason, Inc.</u>, 532 F. Supp. 2d 726, 733 (M.D. Pa. 2007) (gathering cases); <u>see also</u> <u>De Asencio</u>, 342 F.3d at 309–10 (concluding that, in the absence of a written employment contract, plaintiffs had to establish an implied contract in order to state a claim under the WPCL).

[45] <u>Lugo</u>, 967 A.2d at 969 (finding that appellants could enforce their right to wages under the Pennsylvania Minimum Wage Act under the WPCL).

[46] Defs.' Mem. of Law in Opp'n to Pl.'s Mot. for Remand 6.

disputed and substantial; which 3) a federal forum may entertain without disturbing any

congressionally approved balance of federal and state judicial responsibilities.[47]

Plaintiff emphasizes that this action solely asserts state law claims under the Pennsylvania

Wage Collection Law and utilizes state common-law standards for determining punitive

damages.[48]  Although Plaintiff alleges a violation of FLSA, he seeks relief for that violation only

under the WCPL.

A.      <u>Necessary Element</u>

To survive the motion to remand, the FLSA must be a necessary element that is "actually

disputed and essential to the adjudication" of Moser's WCPL claim.[49]

Under the contractual approach, the core allegation necessary to state a claim under

WPCL is a breach of contact.  Here, Moser has not alleged the existence of a contract, therefore

whether or not his employer failed to pay wages at the overtime rate required by FLSA is entirely

superfluous to evaluating the viability of his WPCL claim.

Under the <u>Lugo</u> approach, the WPCL is available to enforce Defendants' statutory

obligations to pay wages at the overtime rate required under FLSA and the PMWA.  The two

statutes are substantially the same; both require that overtime (hours over forty worked in a

week) be compensated at one and one-half times the regular rate at which the employee is paid.

Although the federal and state laws parallel each other, they each create an independent statutory

---

[47] <u>Grable</u>, 545 U.S. at 314.

[48] Mem. in Supp. of Pl.'s Mot. for Remand for Lack of Subject Matter Jurisdiction [doc. no. 3] 2.

[49] <u>Pennsylvania v. Eli Lilly & Co</u>., 511 F. Supp. 2d 576, 580 (E.D. Pa. 2007).

obligation for employers to pay employees a certain rate of overtime.[50]  Thus, Plaintiff can

potentially prevail on his WPCL claim regardless of how the state court resolves the FLSA

question.  Therefore, the FLSA is not a "necessary" element.  Even if it were, it is not a

substantial issue in the underlying litigation.

## 2.    **Substantial Issue**

Necessity alone is insufficient to justify jurisdiction.  "[F]ederal jurisdiction demands not

only a contested federal issue, but a substantial one, indicating a serious federal interest in

claiming the advantages thought to be inherent in a federal forum."[51]

"In assessing the substantiality of a purported federal interest, courts assess the extent to

which exercise of jurisdiction is consistent with Congressional intent, and look to whether the

underlying federal issue is sufficiently 'substantial' to demonstrate a clear indication of 'a serious

federal interest in claiming the advantages thought to be inherent in a federal forum.'"[52]  In

Grable, for instance, "the meaning of the [notice] provision directly impacted the ability of the

IRS to fulfill its mission.  Federal-court adjudication served the national interest because of the

need for uniform interpretation of the tax law provision at issue."[53]

In Empire Healthchoice,[54] the Supreme Court explained that four factors indicate the

---

[50] See Vanstroy-Frazier v. CHHS Hosp. Co., LLC, No. 08-3910, 2010 WL 22770, at * 9 (E.D. Pa. 2010) (Mag.) (noting that the PMWA substantially parallels the FLSA and applying the same test to determine if the plaintiff was an exempt or non-exempt employee under both statutes).

[51] Grable, 545 U.S. at 313.

[52] Eli Lilly & Co., 511 F. Supp. 2d at 583 (citations omitted).

[53] Pennsylvania v. Tap Pharma. Prods., Inc., 415 F. Supp. 2d 516, 525 (E.D. Pa. 2005).

[54] 547 U.S. 677 (2006).

"substantiality" of a federal interest in the case or issue: (1) whether the case includes a federal agency, and particularly, whether that agency's compliance with the federal statute is in dispute; (2) whether the federal question is important (i.e., not trivial); (3) whether a decision on the federal issue will resolve the case (i.e., the federal question is not merely incidental to the outcome); and (4) whether a decision as to the federal question will control numerous other federal cases.[55]

Here, the first, third, and fourth factors weigh against jurisdiction. There is no federal agency involved in this dispute. Moreover, resolution of whether a FLSA violation occurred is not dispositive to this case. As the complaint is drafted, both state and federal laws allegedly obligate Defendants to pay the plaintiff overtime wages due and owing. Further, the viability of Plaintiff's complaint depends upon whether the WPCL creates an avenue by which Plaintiff may enforce statutory, rather than contractual obligations.[56]

The fourth factor, whether a decision on this issue will control numerous other federal cases, also weighs against jurisdiction. The question of the Defendants' employees coverage under the FLSA is "fact-bound and situation specific."[57] This stands in contrast to Grable, which presented a nearly "pure issue of law."[58] Resolution of this case will have little impact on the body of law governing FLSA overtime claims.

---

[55] See Mikulski v. Centerior Energy Corp., 501 F.3d 555, 569–74 (6th Cir. 2007) (en banc) (applying Empire Healthchoice and Grable and finding no "substantial" federal question was involved where resolution of the plaintiffs' state law claim required an interpretation of the federal Internal Revenue Code).

[56] Doc. No. 6.

[57] Empire Healthchoice, 547 U.S. at 800.

[58] Id. at 700.

3.      **Federalism and Comity**

"Even when the state action discloses a contested and substantial federal question, the exercise of federal jurisdiction is subject to a possible veto . . . because courts must consider the nature of the federal and state interests and the resulting effect that exercise of jurisdiction would have on the traditional balance of responsibilities between state and federal courts."[59]

Here, as discussed, evaluating the viability of Plaintiff's WPCL claim requires the Court to resolve an unsettled area of Pennsylvania Law.  When state law is unsettled, federal courts should hesitate to exercise jurisdiction, as "[d]istrict courts . . . do not establish state law, but are limited to predicting it."[60]  Thus, there is a strong state interest in resolving this issue and a correspondingly weak federal interest in doing so.  This factor also weighs against exercising subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is granted.  Defendants' motion to dismiss shall be dismissed as moot.

A corresponding order follows.

---

[59] Eli Lilly & Co., 511 F. Supp. at 586 (quoting Grable, 545 U.S. at 313).

[60] See State Auto Ins. Cos. v. Summy, 234 F.3d 131, 135 (3d Cir. 2000) ("Precedents counsel hesitation by federal courts in exercising jurisdiction over declaratory judgment actions when the state law involved is close or unsettled.").

13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

|  |  |  |
|---|---|---|
| RICHARD MOSER, | : | |
| **PLAINTIFF,** | : | |
| V. | : | **CIVIL NO. 10-6791** |
| | : | |
| NIKOLAS PAPADOPOULOS, | : | |
| ATHAMASIOS PAPADOPOULOS, | : | |
| PAMELA PAPADOPOULOS, | : | |
| PARTHANA MAKROPOULOS, | : | |
| ANGELO BEKAS, NTP MARBLE, INC. | : | |
| | : | |
| **DEFENDANTS.** | : | |
| | : | |

---

## ORDER

**AND NOW,** this 15th day of June 2011, upon review of the Notice of Removal by Defendants Nikolaos Papadopoulos, Athamasios Papadopoulos, Pamela Papadopoulos, Parthana Makropoulos, Angelo Bekas, and NTP Marble, Inc [doc. no. 1], Plaintiff's Motion to Remand [doc. no.3], and Defendants' Response thereto [doc. no. 5]. and for the reasons set forth in the accompanying Memorandum Opinion, it is hereby **ORDERED** that this matter is **REMANDED** to the Court of Common Pleas of Delaware County for lack of subject-matter jurisdiction.

It is further **ORDERED** that Defendants' Motion to Dismiss [doc. no. 6] is hereby **DISMISSED** as moot.

The Clerk of Court is directed to mark this case as **CLOSED.**

It is so **ORDERED.**

BY THE COURT:

_____
**HON. CYNTHIA M. RUFE**